UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ASIA SCOTT,**<br><br>Plaintiff,<br><br>v.<br><br>**RADIUS GLOBAL SOLUTIONS, SOURCE RECEIVABLES MANAGEMENT,** and **CENTRAL PORTFOLIO CONTROL**,<br><br>Defendants. | 2:23-CV-12814-TGB-APP<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(ECF NO. 2)** |

Plaintiff Asia Scott filed this pro se lawsuit along with an application to proceed in forma pauperis. ECF Nos. 1, 2. Plaintiff, in addition to filing a form complaint, (ECF No. 1, PageID.1), submitted and structural-formal complaint. ECF No. 1, PageID.6. She indicates that her cause of action arises under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §1692.

For the following reasons, Plaintiff's application to proceed in forma pauperis is **GRANTED.** The United States Marshal is **DIRECTED** to attempt service on Defendants without prepayment of costs.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed an application to proceed in forma pauperis, or without the prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1). If an

application to proceed in forma pauperis is filed along with a facially sufficient affidavit, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court will **GRANT** Plaintiff's motion to proceed in forma pauperis.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)

Once an in forma pauperis complaint has been filed, the Court must determine whether it is frivolous or fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550

2

U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### A. Background

Plaintiff asserts that each Defendant is a corporation, and that each corporate Defendant is incorporated and headquartered outside of the State of Michigan. ECF No. 1, PageID.7. Per the Complaint, Plaintiff "observed trade lines from all the…Defendants" on her Experian credit report, on or about June 30, 2023, including on debts she allegedly owes to 'Emergency Professionals of Michigan, PC' and 'DTE Energy'. ECF No. 1, PageID.7.

Shortly after, in July 2023, Plaintiff disputed the alleged debts via telephone. The next month, August 2023, Ms. Scott checked her credit reports again. Although the Defendants "had several communications with the consumer reporting agencies" throughout that intervening period, the Defendants "failed to communicate [to the reporting agencies that] the alleged debts in question were disputed by Ms. Scott." *Id.*

### B. Personal Jurisdiction

As an initial matter, a federal court must assure itself of its jurisdiction over the parties and over the case's subject matter. *See e.g., Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 395 (6th Cir. 2021); *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

3

The Complaint does not articulate an adequate basis for the Court's exercise of general jurisdiction over the Defendants. *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017). Still, Plaintiff asserts that the Defendants, following notice by Plaintiff that she was disputing the debts, "violated 15 U.S.C. Section 1692e(8)…by failing to disclose to…consumer reporting agencies" that the debts—allegedly owed by Plaintiff, a Wayne County resident, to businesses located in this District, and now held by Defendants— in dispute. Still, Plaintiff asserts that the Defendants, following notice by Plaintiff that she was disputing the debts, "violated 15 U.S.C. Section 1692e(8)…by failing to disclose to…consumer reporting agencies" that the debts—allegedly owed by Plaintiff, a Wayne County resident, to businesses located in this District, and now held by Defendants—was in dispute. ECF No. 1, PageID.7. The Court is satisfied that Plaintiff has pleaded sufficient facts demonstrating a "connection between the forum" and "the specific claims at issue," thereby establishing an adequate basis for the Court's exercise of specific jurisdiction over Defendants.[1] *See Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1781 (2017).

---

[1] At least, with respect to Defendants Central Portfolio Control and Radius Global Solutions. Plaintiff notes that Defendant Collector Source Receivables Management "furnished a trade line…allegedly owed [by her] to Sprint," ECF No. 1, PageID.7. No further details regarding that debt are provided. Presumably, the alleged debt bears a similar connection to the forum, though Plaintiff will be expected to furnish additional evidence to this effect at a later date.

4

## C. Subject Matter Jurisdiction

Federal-question jurisdiction exists when the cause of action arises under federal law. 28 U.S.C. § 1331; *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018). Whether a cause of action arises under federal law must be apparent from the face of the "well-pleaded complaint." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Plaintiff states that federal-question jurisdiction is appropriate, (ECF No. 1, PageID.3), as her cause of action arises under § 1692e(8) of the FDCPA. ECF No. 1, PageID.8.

## D. Fair Debt Collection Practices Act (FDCPA)

To establish a prima facie FDCPA claim, the Complaint's factual allegations must show:

> (1) the plaintiff is a natural person harmed by a violation of the FDCPA, 15 U.S.C. § 1692(d), or is a "consumer,"[2] 15 U.S.C. § 1692a(3), for purposes of a cause of action, 15 U.S.C. § 1692c, 15 U.S.C. § 1692e(11);
>
> (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes, § 1692a(5);
>
> (3) the defendant collecting the debt is a "debt collector"[3] within the

---

[2] "[A]ny natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[3] [P]ersons who "regularly collect[ ] or attempt[ ] to collect" someone else's debts. *See e.g., Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208–09 (11th Cir. 2019).

meaning of § 1692a(6); and

(4) the defendant has violated—via act or omission—a provision of the FDCPA.

*Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Langley v. Chase Home Fin. LLC*, No. 1:10–cv–604, 2011 WL 1150772, at *5 (W.D. Mich. Mar. 11, 2011); *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 938–39 (N.D. Ohio 2009).

The Complaint adequately establishes facts (1) demonstrating that Plaintiff is a "consumer" as defined by § 1692a(3), (ECF No. 1, PageID.1, 3, 6, 9); (2) indicating the alleged "debts" owed to DTE Energy, Emergency Professionals of Michigan, PC, and Sprint are quite likely personal, family, or household incurred, *Id.* at PageID.8; (3) contending that the Defendants qualify as "debt collectors," *Id.* at 7-9; and (4) claiming Defendants' alleged inaction violated § 1692e(8).

Therefore, the Court is satisfied that Plaintiff has demonstrated sufficient facts to establish her prima facia FDCPA claim, and to warrant federal question jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed in forma pauperis is **GRANTED**. The Court **DIRECTS** that a copy of Plaintiff's complaint and a copy of this Order be served upon Defendants without prepayment of costs for such service.

**IT IS SO ORDERED.**

Dated: December 19, 2023

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE